UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RASHIEN COFIELD,

                    Petitioner,          **No. 10-CV-0284(MAT)**
      -vs-                                **DECISION AND ORDER**

JOHN LEMPKE,

                    Respondent.

---

## I.    Introduction

     Rashien Cofield ("Cofield" or "Petitioner") brings this habeas
corpus application pursuant to 28 U.S.C. § 2254 alleging that he is
in Respondent's custody in violation of his federal constitutional
rights.  Cofield was convicted in New York State Supreme Court,
Rockland County, following a guilty plea to charges of first degree
attempted robbery. He was sentenced to a determinate prison term of
four years, plus five years of post-release supervision.

     After Petitioner was released to parole supervision, he
violated the terms of his parole on April 24, 2009, by failing to
report to his parole officer, failing to enter and complete a
residential program, changing his residence without notifying his
parole officer, and failing to maintain contact with his parole
officer or the New York State Division of Parole.

     On September 17, 2009, Petitioner pleaded guilty to failing to
report to his parole officer, and the administrative law judge
("the ALJ") imposed a 12-month time assessment with a referral to

-1-

a drug treatment program at Willard Drug Treatment Center ("Willard"). The ALJ carefully explained the terms of the agreement to Cofield:

> The offer[,] sir[,] in exchange for the plea you'll be sentenced to twelve months. You will also be referred to New York State Department of Corrections['s] ninety day alternative program. If you are accepted at the program and if you complete the program then the twelve months will convert to a revoke and restore. If you are not accepted at the program or you refuse the program or you are removed for whatever reason then the twelve months is still running and the twelve months goes back to 8/8 when the warrant was lodged against you.

Respondent's Exhibit ("Resp't Ex.") B at 3, 6.

Sixty-four days after his parole violation disposition was rendered, Petitioner was transferred to Downstate Correctional Facility on November 30, 2009. On December 8, 2009, 72 days after his parole violation disposition was rendered, he was accepted into Willard.

On December 15, 2009, while at Willard, Petitioner received an Inmate Misbehavior Report. On December 17, 2009, Petitioner was found guilty of creating a disturbance and refusing a direct order. Although Petitioner would have been permitted to "recycle" through the Willard program, he refused to do so. Consequently, on December 22, 2009, the Willard Evaluation Review Committee recommended that Petitioner be removed from the program because he refused to participate in it. On January 5, 2010, Cofield was

transferred back to Five Points Correctional Facility where he currently is housed.

Cofield does not challenge the validity of his underlying conviction but rather argues that the New York State Department of Corrections ("DOCS") failure to timely transfer him to Willard violated his right to due process. He also contends that he had a due process right to be re-released to parole supervision after his time assessment concluded.

Respondent asserts that Petitioner's claims are unexhausted and not cognizable on habeas review. Because Cofield's petition does not present a federal constitutional question cognizable on habeas review and may be readily dismissed, the Court has exercised its discretion to bypass the exhaustion issue and deny the petition on the merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."); Boddie v. New York State Div. of Parole, 285 F. Supp.2d 421, 428 (S.D.N.Y.2003) (finding that "thorny issue" of exhaustion in parole context "need not be addressed" since underlying habeas claims were without merit).

## II. Jurisdiction and Venue

By Order dated May 12, 2010, the Court (Larimer, D.J.) asked Respondent to address whether the Western District of New York is "an appropriate and/or most convenient forum for this proceeding."

In his Answer, Respondent states that this Court has jurisdiction over this matter, and that the Western District is an appropriate venue for this proceeding. Because the issues raised by this petition are largely legal rather than factual, Respondent asserts, this Court is as convenient a forum as any federal district court in New York State.

Section 2241 of Title 28 of the United State Code governs jurisdiction over federal habeas petitions. The general grant of jurisdiction in § 2241(a) gives the district courts, along with the Supreme Court, its justices, and the circuit judges, the power to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). In Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484, 499-500 (1973), the Supreme Court abandoned its previous, restrictive approach to jurisdiction and held that the absence of a habeas petitioner from the territorial bounds of the district could no longer deprive a district court of jurisdiction. Braden, 410 U.S. at 500. The Supreme Court also noted that, because the writ of habeas corpus acts upon the custodian of the prisoner, "[s]o long as the custodian can be reached by service of process, [a] court can issue a writ 'within its jurisdiction.'" Id. at 495. Thus, in Braden, the Kentucky district court had jurisdiction over the Alabama prisoner's habeas challenge to pending Kentucky indictment. See id.

The Second Circuit has interpreted <u>Braden</u> to mean that the jurisdictional grant of 28 U.S. § 2241(a) is essentially <u>in</u> <u>personam</u> in nature, limited only by "the scope of service of process." <u>United States ex rel. Sero v. Preiser</u>, 506 F.2d 1115, 1127-28 (2d Cir. 1974), <u>cert.</u> <u>denied</u>, 421 U.S. 921 (1975).

The Second Circuit also considered the effect of the Supreme Court's reading of 28 U.S.C. § 2241(a) in <u>Braden</u> on 28 U.S.C. § 2241(d). <u>Preiser</u>, 506 F.2d at 1128. Section 2241(d), which addresses district court jurisdiction over habeas petitions in states that have more than one federal judicial district, reads in pertinent part as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. . . .

28 U.S.C. § 2241(d).

Because the Supreme Court construed 28 U.S.C. § 2241(a) as a jurisdictional grant coextensive with the scope of service of process, the Second Circuit determined that "a jurisdictional reading of § 2241(d) would render [§ 2241(a)] merely repetitious." <u>Preiser</u>, 506 F.2d at 1128. The Second Circuit concluded that it made "more sense to read [§ 2241(d)] as a provision fixing venue

and aimed at problems of judicial administration whose solution lies in the balance of convenience among various courts." Id. (citing Braden, 410 U.S. at 497 n. 13). Thus, the Preiser panel held, the Southern District had jurisdiction over a state-wide class of habeas petitioners even though some members of the class were neither confined nor convicted in the Southern District. See id. at 1127-28. Venue was proper in the Southern District because the representatives of the class, if not all of its members, satisfied the requirements of 28 U.S.C. § 2241(d). See id. at 1129-30.

### A.    Jurisdiction

The Court turns first to the question of jurisdiction. Here, Cofield originally was convicted in Rockland County, and the parole violation proceedings were held on Riker's Island; both are located within the Southern District of New York. After Petitioner was sentenced to a twelve-month time assessment and a referral to a drug treatment program, he was transferred to Five Points Correctional Facility and then to Willard. Both facilities are located in Seneca County, within the Western District of New York.

As noted above, under the Second Circuit's reading of Braden, a district court has jurisdiction over a habeas petition so long as the petitioner's custodian can be reached by the court's service of process. Braden, 410 U.S. at 1128. Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure and New York Civil Procedure Law

and Rules ("C.P.L.R.") §§ 301-302, the scope of this Court's service-of-process extends at least to the boundaries of New York State. Since Cofield's custodian is located in Seneca County, this Court has jurisdiction over the instant petition.

### B.   Venue

The Court now turns to the venue question, which is governed by 28 U.S.C § 2241(d). As noted above, the petition "may be filed in the district court for the district wherein such person is in custody <u>or</u> in the district court for the district within which the State court was held which convicted and sentenced him and each of such." 28 U.S.C. § 2241(d) (emphasis supplied). Here, Petitioner is currently confined in a correctional facility located within the Western District. Thus, the venue of this action properly lies in the Western District.

Finally, on the question of the most convenient forum, Cofield's petition may be resolved by this Court as a matter of law. Thus, proximity of the judicial forum to either Riker's Island or Rockland County, the locations of the underlying conviction and parole proceedings, is not necessary to the adjudication of this petition.

## III. Analysis of the Petition

Petitioner contends that he should have been re-released to parole upon completion of his twelve-month time assessment. Petitioner also contends that he was not timely transferred to

Willard, thereby violating his constitutional rights and rendering his confinement in Respondent's custody illegal. Respondent argues that neither argument is cognizable on habeas review. Petitioner has not submitted any argument in reply to Respondent's opposition.

A habeas court can only entertain a habeas petition if a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). It is well settled that a writ of habeas corpus is intended to redress only violations of a prisoner's federal constitutional rights, and the Supreme Court has held many times that "a federal court may not issue the writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984) (any violation of a state law requirement presents an issue of state law that is not cognizable in federal habeas proceeding).

The Due Process Clause of the Fourteenth Amendment states that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV § 1. It is important to emphasize that due process "does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished without due process of the law." Baker v. McCollan, 443 U.S. 137, 145 (1979) (internal quotation and citations omitted). To present a due process claim, a petitioner must establish (1) that he possessed a protected liberty interest and (2) that he was deprived of that interest as

-8-

a result of insufficient process. <u>Kentucky Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 460-61 (1989); <u>accord</u>, <u>e.g.</u>, <u>Giano v. Selsky</u>, 238 F.3d 223, 225 (2d Cir. 2001).

Due process protections are not implicated here because Petitioner has no liberty interest in being re-released to parole supervision after his time assessment concluded. As a general matter, "[i]n order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme." <u>Barna v. Travis</u>, 239 F.3d 169, 170 (2d Cir. 2001) (citing <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979)). The Second Circuit has held the New York's statutory scheme governing parole release does not give rise to a legitimate expectation of release on parole and therefore creates no protected liberty interest. <u>Id.</u>

More specifically, Section 8002.6 of Title 9 of New York Compilation of Codes, Rules, and Regulations ("N.Y.C.R.R.") § 8002(c)(1)(I), governs Cofield's re-release to parole supervision upon the expiration of his time assessment. The question of whether to re-release an inmate to parole supervision is squarely within the parole board's discretion. "[S]ection 8002.6(c) does not create a liberty interest in conditional parole re-release because parole re-release, as with parole release, is subject to the Parole Board's discretion." <u>Loria v. Butera</u>, No. 5:09-CV-531 (FJS/ATB),

2010 WL 3909884, at *5 (N.D.N.Y. Sept. 29, 2010) (citing N.Y. Comp. Codes R. & Regs. tit. 9, § 8002.6(f) ("This section shall not be construed to afford any parole violator a right to release from custody upon expiration of the time assessment, but only a right to consideration by the [Parole Board] as soon as practicable."); N.Y. Exec. Law § 259-i(3)(f)(x) ("Where a date has been fixed for the violator's re-release on presumptive release, parole or conditional release, as the case may be, the board or board member may waive the personal interview between a member or members of the board and the violator to determine the suitability for re-release; provided, however, that the board shall retain the authority to suspend the date fixed for re-release and to require a personal interview based on the violator's institutional record or on such other basis as is authorized by the rules and regulations of the board . . . .").

Because Cofield had no liberty interest in re-release to parole, he has not presented a cognizable constitutional claim. Accord Loria, 2010 WL 3909884, at *4 (citing Barna, 239 F.3d at 171 (holding that the New York State parole process creates no legitimate expectation of release; and, therefore, an inmate seeking release is not afforded the full panoply of procedural due process protection); accord Davis v. Dennison, 219 Fed. Appx. 68, 70 (2d Cir. 2007).

Insofar as Cofield claims that he had a liberty interest in a timely transfer to Willard, the authority in this Circuit holds

that the failure of prison authorities to timely transfer an inmate to a drug treatment program does not state a redressable constitutional claim. See Andujar v. Fischer, 09-CV-00489, 2010 WL 786298 (N.D.N.Y. Mar. 2, 2010).  In Andujar, the plaintiff claimed that his imprisonment for twenty-five days, resulting from defendants' violation of the time for transfer prescribed in New York State Criminal Procedure Law, constituted a deprivation of his due process rights. The district court concluded that this argument was flawed for several reasons. First, "[a] violation of state law neither gives [Andujar] a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim." Id. at *2 (quoting Doe v. Conn. Dept. of Child & Youth Servs., 911 F.2d 868, 869 (2d Cir.1990) (internal quotation marks and citations omitted) and citing Patterson v. Coughlin, 761 F.2d 886, 891 (2d Cir.1985) ("[A] state employee's failure to conform to state law does not itself violate the Constitution and is not alone actionable under § 1983 . . . .")).  Second, the district court in Andujar identified "[a]mple precedent" for the proposition that "a state rule of criminal procedure . . . does not create a liberty interest that is entitled to protection under the federal Constitution." Watson v. City of New York, 92 F.3d 31, 37-38 (2d Cir. 1996) (citing, inter alia, Olim v. Wakinekona, 461 U.S. 238, 250 (1983)).

Here, in contrast to Andujar, the Willard program was not an original sentence but rather was an alternate sentence imposed following a parole violation. "No statutory or regulatory time requirement by which a parole violator has to be delivered to Willard exists." Ayala v. Williams, 7 Misc.3d 1025(A), 801 N.Y.S.2d 230 (Table), 2005 WL 1183200, *1 (N.Y. Sup. (Seneca Co.) May 18, 2005). Where, as here, an inmate has "been revoked and restored contingent upon completion of Willard's program[,]" "[t]here is no legislative or regulatory directive concerning when a parole violator must be transferred to the Willard Drug Treatment Campus . . . ." Id. n.1. At least one state court in New York has held that "once revoked and restored subject to participation in the Willard Program, a parolee has a due process right to be transferred to that program forthwith absent valid, enunciated reasons for not doing so." People ex rel. Ortiz v. Poole, 11 Misc.3d 1064(A), 816 N.Y.S.2d 698 (Table), 2006 WL 686047, at *2 (N.Y. Sup. (Seneca Co.) Mar. 17, 2006)). The court in Ortiz interpreted "forthwith" to mean ten days. Id.

Even assuming a ten-day time period applies where the transferee is a parole violator, that does not assist Cofield's cause. The same analysis utilized by the district court in Andujar applies here and requires a finding that Cofield has not demonstrated a violation of any liberty interest protected by the due process clause. See Pugliese v. Nelson, 617 F.2d 916, 924

-12-

(2d Cir. 1980) ("'Although a Due Process Clause liberty interest may be grounded in state law that places substantive limits on the authority of state officials, no comparable entitlement can derive from a statute that merely establishes procedural protections.'" (quoting <u>Cofone v. Manson</u>, 594 F.2d 934, 938 (2d Cir. 1979))).

## IV.  Conclusion

For the reasons stated above, Rashien Cofield's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the Petition is dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2).  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal <u>in forma pauperis</u>.

**SO ORDERED.**


S/Michael A. Telesca

_____
            MICHAEL A. TELESCA
         United States District Judge

DATED:     July 15, 2011
           Rochester, New York

-13-